UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY DELL MILLER,

        Plaintiff,

                                            Case No. 09-CV-12347
vs.                                          HON. GEORGE CARAM STEEH

CYRIL BERRY,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (#3), AND DISMISSING CLAIMS PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Jimmy Dell Miller filed a pro se complaint and application to proceed without prepayment of fees on June 17, 2009. Upon reviewing the application, the court is persuaded that Miller is unable to pay the fees associated with the filing of his complaint. Miller's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Miller's IFP claims upon determining that his claims fail to state a claim on which relief may be granted. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). To state a claim upon which relief may be granted, the plaintiff's factual allegations must present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting

Bell Atlantic, 127 S. Ct. at 1965).

Plaintiff Miller's complaint consists of 21 single-spaced, handwritten pages. Plaintiff also includes copies of a June 20, 2008 denial of prosecution issued by the Washtenaw County Prosecutor's Office for a requested felony charge by Officer Brett Armstrong of assault with a weapon against Miller, and a June 17, 2008 "Ypsilanti PD Crime Report" authored by Officer Armstrong. Officer Armstrong investigated an incident involving Miller and defendant Cyril Berry. According to the Crime Report, Berry told Officer Armstrong that "he and [Miller] got into a verbal argument, and [Miller] picked up a 2 x 4 and told Berry he was going to hit him in the head with a 2 x 4." The Crime Report also conveys that one Leonard Robinson, an acquaintance of Berry, was interviewed and admitted that "he was not at the scene when the threat was actually made[,]" but also stated "Miller did admit that he picked up the 2 x 4 and told Berry he was going to hit him in the head with it." The County Prosecutor's Office denied prosecuting Miller because "cannot prove elements of offense beyond a reasonable doubt - conflicting statements, no witnesses and also issue w/ ability to commit an immediate battery, as victim indicates defendant was 60 ft. away at time he allegedly had 2 x 4/wood." June 20, 2008 Prosecution Denial. As to the 21-page Complaint itself, Miller alleges "racial discrimination, false police reports, harrassment [sic], malicious prosecution, abuse of process" and "civil rights violations" against Berry, who is white, and Robinson, who is black. Miller also alleges that Berry and Robinson conspired to make their allegedly false statements.

To sustain a federal civil rights claim under 42 U.S.C. § 1983, the plaintiff must allege and prove requisite "state action." Pickard v. City of Girard, 70 F.Supp.2d 802, 805 (N.D. Ohio 1999). The acts of a private party cannot be contributed to the state unless the state actually compels the private party's conduct. Id at 807 (citing United States v. Coleman, 628 F.2d 961, 964 (1978)). Miller does not allege that Officer Armstrong

2

compelled Berry or Robinson to provide false statements.  Miller has failed to allege a civil rights claim under 42 U.S.C. § 1983 on which relief may be granted in the absence of requisite state action.  Bell Atlantic, 127 S. Ct. at 1965, 1970.

42 U.S.C. § 1985(3) prohibits private persons from conspiring to deprive a person of equal protection of the laws, or equal privileges and immunities under the laws.  The elements of a § 1985(3) conspiracy action are: (1) a conspiracy; (2) to deprive a person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws; (3) an act committed by one or more of the conspirators in furtherance of the conspiracy; and (4) such act injured a person or his property or deprived him of exercising any right or privilege of a citizen of the United States.  Knubbe v. Sparrow, 808 F.Supp. 1295, 1302-1303 (E.D. Mich. 1992) (citing Griffen v. Breckenridge, 403 U.S. 88, 102 (1971)).  The statute does not create substantive rights, but merely requires a remedy for the violation of a constitutional right or federal statutory law.  Knubbe, 808 F.Supp. at 1303 (citing Great American Federal Savings and Loan Association v. Novotny, 442 U.S. 366, 372 (1979)).  If the underlying constitutional violation arises under the Fourteenth Amendment, such as a violation of the right to due process of law, then "state action" must be proven because this right is only protected against state interference.  Knubbe, 808 F.Supp. at 1303 (citing inter alia Volunteer Medical Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 226 (6th Cir. 1991) and United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott, 436 U.S. 825, 833 (1983)).  Passive involvement of the state does not constitute requisite state action.  Knubbe, 808 F.Supp. at 1304 (citing Browder v. Tipton, 630 F.2d 1149, 1153 n.11 (6th Cir. 1980)).

Miller does not allege that Officer Armstrong was actively involved with private citizens Berry and Robinson in attempting to deny Miller due process of law based on "racial discrimination, false police reports, harrassment [sic], malicious prosecution", or

3

"abuse of process." Miller does not allege a plausible claim that he was denied equal protection of his Fourteenth Amendment rights due to the active involvement of a "state actor." Given that the Washtenaw County Prosecutor's Office decided not to prosecute Miller based on the information provided by Officer Armstrong, Miller's allegations also fail to support a plausible inference that Miller suffered a cognizable injury as a result of Berry's and Robinson's alleged acts in furtherance of the alleged conspiracy. Miller's complaint fails to allege a 42 U.S.C. § 1985 conspiracy claim on which relief may be granted. <u>Bell Atlantic</u>, 127 S. Ct. at 1965, 1970.

Miller's 21-page complaint fails to state a federal claim on which relief may be granted. To the extent Miller is attempting to allege claims under Michigan law, the court lacks subject matter jurisdiction. Accordingly,

Jimmy Dell Miller's June 17, 2009 complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated: June 29, 2009

<div style="margin-left: 50%;">
s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE
</div>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 29, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk